*Qian v. Garland*

BIA
Zagzoug, IJ
A215 993 009/010

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-three.

**PRESENT:**
> **JOHN M. WALKER, JR.,**
> **MICHAEL H. PARK,**
> **SARAH A. L. MERRIAM,**
> *Circuit Judges.*

———————————————————————

**FUQIANG QIAN, QIUYUE JIANG,**
> *Petitioners,*

> v.                                                            **22-6012-ag**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

———————————————————————

| | |
|---|---|
| **FOR PETITIONERS:** | Gary J. Yerman, The Yerman Group, LLC, New York, NY. |
| **FOR RESPONDENT:** | Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Brendan P. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, Fuqiang Qian ("Qian") and Qiuyue Jiang ("Jiang"), natives and citizens of the People's Republic of China, seek review of a December 30, 2021, decision of the BIA affirming a March 29, 2019, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Qiuyue Jiang, Fuqiang Qian,* Nos. A 215 993 009/010 (B.I.A. Dec. 30, 2021), *aff'g* Nos. A 215 993 009/010 (Immig. Ct. N.Y. City Mar. 29, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations "under the substantial evidence standard" and we review questions of law and application of law to fact *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"[A] person who has been forced to abort a pregnancy . . . or who has been persecuted . . . for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a

2

well founded fear that he or she will be . . . subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion."  8 U.S.C. § 1101(a)(42).   The asylum applicant bears the burden of proof in establishing that the applicant is a refugee within the meaning of 8 U.S.C. § 1101(a)(42).  *See id.* § 1158(b)(1)(B)(i).   "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the . . . testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee.   In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record."  *Id.* § 1158(b)(1)(B)(ii).

> [A] trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

*Id*. § 1158(b)(1)(B)(iii).

The agency made an adverse credibility determination against Jiang and separately determined that the record evidence did not corroborate Jiang's claim.   Substantial evidence supports the agency's determination that Jiang did not meet her burden of proof given the credibility issues and lack of corroboration.  *See Xiao Ji Chen v. U.S. Dep't of*

3

*Just.*, 471 F.3d 315, 341 (2d Cir. 2006).

Substantial evidence supports the agency's adverse credibility determination because Jiang's testimony was internally inconsistent and inconsistent with her written statement and documentary evidence.   *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

First, Jiang initially testified that she was forced to have two abortions.   On cross-examination, however, she explained that she meant she was *persecuted* twice, the first time being when she was required to have an IUD inserted on May 20, 2012, after the birth of her first child.   But this explanation conflicted with her application, which reported that she was forced to have the IUD inserted on that date in 2010.   Even though Jiang's explanation that she made the statement because she was nervous is plausible, on our review for substantial evidence, we cannot say that the agency was required to accept Jiang's explanation.   *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (citation and quotation marks omitted)); *see also Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009) ("We again reject the notion that a petitioner's claim that she was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of her statements.").

Second, Jiang made inconsistent statements about the fine imposed for the

4

unauthorized pregnancy.[1]  She stated at her asylum interview and initially testified that family planning officials came to her home and asked her to pay 130,000 renminbi, but she later testified inconsistently that those officials asked her husband to pay the fine and that only he was present.  When she was asked to explain, Jiang stated that a *doctor* spoke with her husband about the fine in 2016, but she then contradicted herself, stating that it was actually a family planning official that spoke with him.  The agency was not compelled to accept her varying and inconsistent statements and explanations.  *See Majidi*, 430 F.3d at 79–80.

Finally, the agency deemed it implausible that Jiang did not know that a forced abortion was a possible consequence of a family planning violation; we find that determination "reasonable."  *Ming Xia Chen v. BIA*, 435 F.3d 141, 146 (2d Cir. 2006). We defer to the agency's inferences as long as they are "made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."  *Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007).  Here, it cannot be said that the IJ's inference was based on bald speculation, *see id.*, because of (1) Jiang's testimony that she thought she could "give the birth" if she had "the connection to pay the fine," Certified Admin. Record at 132, and (2) the large number of claims of

---

[1] The agency erred in stating that Jiang did not mention a fine in her written statement; she mentioned it but did not provide details.  This error does not require remand given the other grounds for the agency's adverse credibility determination.  *See Li Hua Lin v. U.S. Dep't of Just.*, 453 F.3d 99, 107 (2d Cir. 2006) (clarifying that remand is not required when an IJ's "reliance on the erroneous aspect of . . . reasoning is substantially tangential to . . . non-erroneous findings").

coerced and forced abortions brought as the basis for asylum from Chinese nationals, *see, e.g.*, *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142 (2d Cir. 2008) (noting that "hundreds of petitions for review" of claims of forced abortion or sterilizations are brought by Chinese nationals).

Furthermore, the agency did not err in finding that Jiang's documentary evidence failed to rehabilitate her credibility or otherwise corroborate her claim. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). Jiang explained that she had no documentation of the fine because she did not pay it, but that does not explain why there was no written statement or testimony from her husband to corroborate the fine. *See Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011) ("[B]ecause [petitioner] and her husband had a common interest in her presenting the strongest possible case, it is not unfair to hold her responsible for her husband's decision not to testify. . . ."). And Jiang's medical records did not clearly corroborate a forced abortion given that the records (1) included both a reference to a live birth and a note that the termination was requested, and (2) reflected possible problems with the pregnancy. The agency reasonably found that this documentation raised more questions than it answered. Jiang's explanation that the doctor who prepared the report was unprofessional is not compelling given her burden of proof and lack of affirmative explanation or clarification about the meaning of the records she submitted. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Majidi*, 430 F.3d at 80.

In sum, the inconsistencies in Jiang's own testimony and between her testimony and the evidence in the record call her credibility into question, and the combination of

6

the credibility issues and the lack of any meaningful corroboration of her claims supports the agency's conclusion that Jiang failed to satisfy her burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) ("We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."). These determinations are dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010); *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7